UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

FILED
CLERK, U.S. DISTRICT COURT
FEB 11, 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

Ida Gomez Llanos,

    Plaintiff,

v.

Delta Air Lines, Inc. et al,

    Defendants.

2:19-cv-10757-VAP-ASx

**Order GRANTING Motion to Remand (Dkt. 9).**

Before the Court is Plaintiff Ida Gomez Llanos's motion to remand (the "Motion"), filed January 10, 2020. (Dkt. 9). On January 17, 2020, Defendant Delta Air Lines, Inc. ("Delta") filed an opposition (Dkt. 10), and Plaintiff replied on December 24, 2020 (Dkt. 16). The Court finds the matter suitable for decision without a hearing pursuant to Local Rule 7-15. The February 10, 2020 hearing date is therefore vacated. After considering all papers filed in support of, and in opposition to, the Court GRANTS the Motion and REMANDS the case to the Superior Court of California, County of Los Angeles.

## I. BACKGROUND

Plaintiff, a former flight attendant for Delta, filed this lawsuit in California state court on November 15, 2019. (Dkt. 9 at 10). The complaint alleges ten claims arising out of Plaintiff's employment, including causes of action for discrimination, harassment, retaliation, and wrongful termination. (*Id.* at 11). In addition to Delta

and a pair of entities, the complaint names ten individual defendants, six of whom Plaintiff alleges—and Delta does not dispute—are California citizens. (*Id.*).

After Plaintiff filed her complaint, the parties began corresponding about the case. (*See generally id.* at 11–14; Dkt. 10 at 8–11). During an early exchange, on November 20, 2019, Delta's counsel, Ms. Amy Findley, indicated that she could accept service of the complaint "on behalf of some of the named defendants and [was] in the process of confirming as to the remainder." (Dkt. 9–7 at 2). On November 25, 2019, Ms. Findley wrote to Plaintiff's counsel, Mr. Daniel Henderson, "As we discussed, I anticipate being authorized to accept service on behalf of most if not all of the named defendants but am still in the process of confirming both the authorization and where the individuals reside." (Dkt. 9-9 at 3).

On December 4, 2019, after Plaintiff personally served Delta, counsel had another exchange. Mr. Henderson stated he had not told his process servers to stop attempting service but would do so if Ms. Findley confirmed she could accept service for all named defendants. (Dkt. 9-11 at 2). Less than an hour later, Ms. Findley responded by email: "I have confirmed that you can 'call off' the process servers and send notices of acknowledgment of receipt to my attention for the remaining individual defendants." (Dkt. 9-12 at 2). Mr. Henderson replied, "I just directed my clerk to tell the process servers to stop attempting service" (Dkt. 9-13 at 2), and that afternoon, sent Ms. Findley notice and acknowledgement of receipt forms for each individual defendant (Dkt. 9-14; Dkt. 9 at 13). Ms. Findley did not sign and return the forms. (*See* Dkt. 10 at 10). Delta removed the case to federal court in diversity on December 19, 2019. (Dkt. 1).

2

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a State court to a district court only if the plaintiff could have originally filed the action in federal court. Thus, removal is only proper if the district court has original jurisdiction over the issues alleged in the state court complaint. There is a strong presumption that the Court is without jurisdiction until affirmatively proven otherwise." *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1053 (C.D. Cal. 2019).

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1441(a) and (b) provides that a defendant may remove an action to federal court if the diversity and amount in controversy requirements are satisfied. However, 28 U.S.C. § 1441(b)(2), often referred to as the "forum defendant rule," limits a defendant's ability to remove a case by providing that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In other words, a defendant who has been joined and served in a State court action and is a citizen of that State may not exercise removal.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit has held that removal "should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 698 (9th Cir. 2005). A federal court's jurisdiction "must be rejected if there is any doubt as to the right of removal," and a "defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III. DISCUSSION

Although the parties raise other arguments in their papers[1], the central issue here is whether the forum defendant rule requires remand. It is undisputed that, if the individual defendants who are California citizens were "properly joined and served" prior to removal, the removal was defective. *See* § 1441(b)(2); *see also Dechow*, 358 F. Supp. 3d at 1054. ("The text of § 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *see also* Phillips & Stevenson, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Editions § 2:2321 (2019) ("Further, once any 'local' defendant has been properly served, the action cannot be removed on diversity grounds by that defendant or any other defendant.").

---

[1] Plaintiff also contends Delta's notice of removal (Dkt. 1) is deficient for, *inter alia*, failing to allege adequately complete diversity of citizenship and amount in controversy and that Delta waived the right to remove the lawsuit consenting to a state forum. (Dkt. 9 at 27–31). The Court need not reach these questions to resolve the Motion.

4

Plaintiff argues that the individual defendants were properly joined and served on December 4, 2019, when counsel for Delta "expressly agree[d] to accept service on behalf of the individual defendants and . . . direct[ed] plaintiff's counsel to 'call off' its process servers." (Dkt. 9 at 18). In the alternative, Plaintiff contends the Court should (1) reject a literal interpretation of "properly joined and served" under the line of cases seeking to avoid absurd results, or (2) find Delta estopped from arguing insufficient service, given Plaintiff's reliance on Ms. Findley's representations. (*Id.* at 18–27). The Court addresses each of these arguments and Delta's responses in turn.

A. **Actual Service**

Plaintiff's first argument is that the individual defendants were "constructively served" on December 4, 2019, when his counsel sent the notices and acknowledgements of receipt to Ms. Findley and Ms. Findley told Plaintiff to stop pursuing individual service. (*Id.* at 18). The Court rejects this argument. California Code of Civil Procedure § 415.30 provides: "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." The language plainly states service is effective only when a defendant has signed and returned the form, and courts unanimously have come to the same conclusion. *See, e.g.*, *Harper v. Little Caesar Enterprises, Inc.*, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018); *Berry v. Toywatch S.p.A.*, 2013 WL 12131761, at *2 (C.D. Cal. Oct. 24, 2013); *Madren v. Belden, Inc.*, 2012 WL 2572040, at *2 (N.D. Cal. July 2, 2012).

**B. Avoiding Absurd Results**

Generally, "where the language of a statute is plain and admits of no more than one meaning the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Campbell v. Allied Van Lines Inc.*, 410 F.3d 618, 620–21 (9th Cir. 2005) (internal quotation marks and alterations omitted). "However, well-accepted rules of statutory construction also caution us that statutory interpretations which would produce absurd results are to be avoided." *Marsh v. Monster Beverage Corp.*, 2016 WL 11508266, at *2 (C.D. Cal. Jan. 4, 2016); *see also Dechow*, 358 F. Supp. 3d at 1055 ("[T]he Court does recognize that there are differing factual scenarios that may impair or restrict proper service, where applying the plain meaning interpretation of § 1441(b)(2) could produce 'absurd or bizarre results.' In such situations, barring removal under Section 1441(b)(2) may be the proper approach which requires fact intensive inquiry.").

Plaintiff argues a literal interpretation of § 1441(b)(2) would produce absurd results by rewarding Delta's gamesmanship and defeating the purpose of the forum defendant rule, *see Lively v. Wilds Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) ("Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. . . . The need for this protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court."); *see also Ibarra v. Protective Life Insurance Co.*, 2009 WL 1651292, *2 (D.Ariz. June 12, 2009) (concluding that the forum defendant rule was intended "to prevent gamesmanship by plaintiffs, [such that] it is difficult to comprehend why it should be allowed to promote gamesmanship by defendants").

6

Delta urges a literal interpretation of § 1441(b)(2) and argues there is nothing absurd about removal here. (Dkt. 10 at 18–22). It asserts courts have only found "absurd results" in distinguishable circumstances. In *Marsh*, for instance, the removing defendant was local rather than out-of-state and merely took advantage of the lag between filing and service of the complaint. *See generally* 2016 WL 11508266. Other cases point to an extremely brief period between filing and removal, *see, e.g.*, *Standing v. Watson Pharm., Inc.*, 2009 WL 842211(C.D. Cal. Mar. 26, 2009) (remanding because defendant removed the case one day after filing), or involve a pro se plaintiff, *see Khashan v. Ghasemi*, 2010 WL 1444884, at *3 (C.D. Cal. Apr. 5, 2010) ("Given that Khashan is proceeding pro se, is a citizen of Arizona, and is suing citizens of Texas and California in a Los Angeles court, twelve days did not afford him a meaningful opportunity to effectuate service.").

The district courts are split on this issue, and the Ninth Circuit as not yet addressed it, but the Court finds two consistent themes in the above cases. First, applying the forum defendant rule requires a fact intensive inquiry that accounts for the characteristics of the parties and the timing of events. Thus, it is informative but not dispositive that Plaintiff is not pro se and that several weeks passed between filing and removal. Second, a court should review the facts with an eye toward promoting the purpose of the forum defendant rule and protecting the integrity of removal jurisdiction.

The Court finds both concerns weigh strongly in favor of remand. Here, Plaintiff was in the process of serving the defendants, including the six California citizens, when Ms. Findley agreed to accept service on behalf of all defendants and

7

*told Plaintiff's counsel to stop attempting service.* (*See* Dkts. 9-11, 9-12). Mr. Henderson informed Ms. Findley he had conveyed her message to his process servers and wasted no time in mailing notice and acknowledgement of receipt forms to Ms. Findley. (*See* Dkts. 9-13, 9-14). More than two weeks passed between that conversation and Delta's notice of removal, more than enough time for Plaintiff's representatives to serve at least one of the California defendants absent Ms. Findley's statements.

Delta was able to evade the forum defendant rule only by representing to Plaintiff that Delta would accept process on behalf of the individual defendants—and then delaying execution of the notice and acknowledgement of receipt forms. Delta's counterarguments are unavailing. For instance, Delta contends that Ms. Findley's email to Mr. Henderson merely "suggested Plaintiff *can* (i.e. Plaintiff may if she was so inclined) 'call off' the process servers." (Dkt. 10 at 10 (emphasis in original) (internal quotations omitted)). This is a strained and unreasonable reading of Ms. Findley's email. Next, Delta argues:

> "Defense counsel obviously did not force Plaintiff's counsel to tell the process servers to stop attempting service on the Individual Defendants . . .. Nor did Defense counsel in any way prevent Plaintiff's counsel from serving the Individual Defendants, just as Plaintiff's counsel personally served Delta. It was Plaintiff's counsel and only Plaintiff's counsel who elected to delay service of the Individual Defendants."

(*Id.*). Such arguments are specious. While it is true that Ms. Findley did not *force* Mr. Henderson to do anything, Mr. Henderson was justified in relying on her statements in the manner he did.

Delta's tactics are textbook examples of the gamesmanship courts must police in considering motions to remand under § 1441(b)(2). "The Court [finds] that if the purpose behind the statute is to prevent procedural gamesmanship by plaintiffs through improper joinder, a literal interpretation of the 'joined and served' provision that promotes such gamesmanship by defendants through allowing removal before a plaintiff has a meaningful chance to serve any defendant both undermines the general purpose of the forum defendant rule (*i.e.* to keep certain cases in state court) and inappropriately prevents plaintiffs from litigating in the forum of their choice." *Standing*, 2009 WL 842211, at *4. Delta undercut Plaintiff's "meaningful chance to serve" the individual defendants through Ms. Findley's actions. (*See* Dkts. 9-11, 9-12; *see also Khashan*, 2010 WL 1444884, at *3 (granting remand because the facts indicated plaintiff had not had a "meaningful opportunity to effectuate service")). Although the facts here are distinct from other cases in this circuit, the gamesmanship by Delta is arguably more troubling. The Court concludes Delta has not carried its burden of showing removal was appropriate.

**C. Estoppel**

Finally, Plaintiff contends Delta should be estopped from arguing that removal is appropriate because the California defendants had not been "properly joined and served." (Dkt. 9 at 23–27). Plaintiff highlights the same facts that support his previous argument—that Ms. Findley agreed to accept service and told Mr. Henderson to "call off" his process servers, and that Plaintiff relied on Ms.

9

Findley's representations. (*Id.*). Delta counters that, because it never told Plaintiff it would *not* seek a federal forum and Plaintiff offers no proof that Ms. Findley's representations had a preclusive effect, estoppel is unwarranted. (Dkt. 10 at 24).

In California, the doctrine of estoppel "affirms that a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct." *Tresway Aero, Inc. v. Superior Court*, 5 Cal. 3d 431, 437–38 (1971) (citations and quotations omitted). Although the underlying facts vary, California courts have held that a party's "affirmative action" that reasonably induces his opponent to act—or forbear to act—to his detriment is sufficient to establish estoppel. *See, e.g.*, *Pasadena Medi-Ctr. Assocs. v. Superior Court for Los Angeles Cty.*, 27 Cal. App. 3d 122 (1972) (subsequent history omitted).

Estoppel applies here for much the same reasons the Court finds removal would produce absurd results. Ms. Findley affirmatively lulled Plaintiff into a false sense of security by not only accepting service on behalf of the individual defendants but asking Mr. Henderson to cease efforts to serve them. By Mr. Henderson's email confirming he had called off his process servers, Ms. Findley knew Plaintiff had relied on her representations. While it is true Delta never promised not to remove this case, a promise is not necessary to establish reasonable reliance. Removal may have been impossible if Plaintiff had continued her efforts to serve the individual defendants directly, which she failed to do, at least in part, because of Delta's action.

## IV. CONCLUSION

The Court therefore GRANTS the Motion to Remand and REMANDS this case to the Superior Court of California, County of Los Angeles. As the Court has determined it lacks jurisdiction, it declines to rule on the other pending motions.

**IT IS SO ORDERED.**

Dated: 2/11/20

Virginia A. Phillips
Chief United States District Judge